**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOUI**

| | | |
|---|---|---|
| **STEPHANIE CAMPBELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| GANNETT COMPANY, INC., | ) | |
| | ) | |
| USATODAY SPORTS MEDIA GROUP, LLC, | ) | |
| (DBA USATODAY) | ) | |
| | ) | |
| THE NEWS JOUNAL MEDIA GROUP, | ) | |
| (DBA Delaware Journal) | ) | |
| | ) | |
| THE COURIER-JOURNAL, INC., | ) | |
| (DBA Courier Journal) | ) | |
| | ) | |
| THE ARIZONA REPUBLIC, | ) | |
| (DBA AZCENTRAL) | ) | |
| | ) | |
| GANNETT VERMONT PUBLISHING, INC., | ) | |
| (DBA BURLINGTON FREE PRESS) | ) | |
| | ) | |
| GANNETT RIVER STATES PUBLISHING | ) | |
| CORPORATION, | ) | |
| (DBA THE CLARION-LEDGER) | ) | |
| | ) | |
| MEMPHIS PUBLISHING COMPANY, | ) | |
| (DBA THE COMMERCIAL APPEAL) | ) | |
| | ) | |
| THE COURIER-JOURNAL, INC., | ) | |
| (DBA FLORIDA TODAY) | ) | |
| | ) | |
| GATEHOUSE MEDIA OHIO HOLDINGS II, INC., | ) | |
| (DBA THE COLUMBUS DISPATCH) | ) | |
| | ) | |
| DES MOINES REGISTER AND TRIBUNE COMPANY, | ) | |
| (DBA Des Moines Register) | ) | |
| | ) | |
| THE PROVIDENCE JOURNAL COMPANY, | ) | |
| (DBA Providence Journal) | ) | |
| | ) | |
| ARGUS LEADER MEDIA, | ) | |

1

(DBA ARGUS)                                              )
                                                         )
ASBURY PARK PRESS, INC.,                                 )
(DBA APP.COM)                                            )
                                                         )
GATEHOUSE MEDIA LLC,                                     )
(DBA The Florida Times-Union)                            )
                                                         )
VISALIA NEWSPAPERS LLC.                                  )
(DBA VISALIA TIMES - DELTA) and                          )
                                                         )
JOURNAL SENTINEL, INC.,                                  )
(DBA Milwaukee Journal Sentinel)                         )
                                                         )
  __Defendants.__                                        )

## __COMPLAINT__

COMES NOW PLAINTIFF, Stephanie Campbell ("Campbell"), for its Complaint against GANNETT COMPANY, INC. ("Gannett"), USATODAY SPORTS MEDIA GROUP, LLC ("USAToday"), THE NEWS JOUNAL MEDIA GROUP ("Delaware Journal"), THE COURIER-JOURNAL, INC.("Courier Journal"), THE ARIZONA REPUBLIC ("AZCentral"), GANNETT VERMONT PUBLISHING, INC.("Burlington Free Press"), GANNETT RIVER STATES PUBLISHING CORPORATION ("Clarion-Ledger"), MEMPHIS PUBLISHING COMPANY ("Commercial Appeal), THE COURIER-JOURNAL, INC. ("Florida Today"), GATEHOUSE MEDIA OHIO HOLDINGS II, INC. ("Columbus Dispatch"), DES MOINES REGISTER AND TRIBUNE COMPANY ("Des Moines Register"), THE PROVIDENCE JOURNAL COMPANY ("Providence Journal"), ARGUS LEADER MEDIA ("Argus"), ASBURY PARK PRESS, INC. (App.com"), GATEHOUSE MEDIA LLC ("Florida Times"), VISALIA NEWSPAPERS LLC ("Visalia Times-Delta"), JOURNAL SENTINEL, INC. ("Milwaukee Journal"), (collectively the "Gannett Infringers") and alleges as follows:

## JURISDICTION AND VENUE

1.      This is a copyright infringement action seeking damages and injunctive relief against various defendants who have unlawfully reproduced and distributed the unlawfully reproduced copy of Plaintiff's image around the world in association with some of the largest publications in the United States.

2.      The theft of Plaintiff's original image infringes on her rights under the Copyright Act of 1976 and unless enjoined, will continue to cause irreparable harm to Plaintiff.

3.      Plaintiff, Stephanie Campbell, is a photographer who resides in Missouri, within this Court's jurisdiction.

4.      Infringer Gannett is a media company located in McLean, Virginia. Gannett operates a large media publication business which has an international reach and includes providing digital content to others.

5.      Infringer USAToday is a media company located in McLean, Virginia. USAToday receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

6.      Infringer Delaware Journal is a media company located in New Castle, Delaware. Delaware Journal receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

7.      Infringer Courier Journal is a media company located in Louisville, Kentucky. Courier Journal receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

8.      Infringer AZCentral is a media company located in Phoenix, Arizona.  AZCentral receives revenue from advertisers placing advertisements in their publication and subscribers

purchasing subscriptions.

9.     Infringer Burlington Free Press is a media company located in Burlington, Vermont.  Burlington Free Press receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

10.    Infringer Clarion-Ledger is a media company located in Jackson, Mississippi. Clarion-Ledger receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

11.    Infringer Commercial Appeal is a media company located in Memphis, Tennessee. Commercial Appeal receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

12.    Infringer Florida Today is a media company located in Viera, Florida. Florida Today receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

13.    Infringer Columbus Dispatch is a media company located in Columbus, Ohio. Columbus Dispatch receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

14.    Infringer Des Moines Register is a media company located in Des Moines, Iowa. Des Moines Register receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

15.    Infringer Providence Journal is a media company located in Providence, Rhode Island. Providence Journal receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

16.    Infringer Argus is a media company located in Sioux Falls, South Dakota. Argus

4

receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

17.     Infringer App.com is a media company located in Neptune, New Jersey. App.com receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

18.     Infringer Florida Times is a media company located in Jacksonville, Florida. Florida Times receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

19.     Infringer Vasalia Times-Delta is a media company located in Visalia, California. Vasalia Times-Delta receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

20.     Infringer Milwaukee Journal is a media company located in Madison, Wisconsin. Milwaukee Journal receives revenue from advertisers placing advertisements in their publication and subscribers purchasing subscriptions.

21.     This Complaint includes an action for copyright infringement under 17 U.S.C. § 501 *et seq*.

22.     This court has jurisdiction over the subject matter of the complaint pursuant to 28 U.S.C § 1338(a) because this is a civil action arising under an Act of Congress relating to copyrights.

23.     Upon information and belief, this court has personal jurisdiction over Gannett Infringers because of their substantial and continuous business contacts with the state of Missouri through marketing and advertising to Missouri residents and because the acts giving rise to this Complaint have occurred as a result of such marketing and advertising contact with the state of

Missouri.

24.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 & 1400 because all Defendants conduct business within this judicial district and the acts giving rise to this Complaint are believed to have occurred within this judicial district.

## FACTUAL BACKGROUND

**Stephanie Campbell**

25.     Campbell is an experienced, professional photographer.

26.     Campbell has played football in Kansas City for various teams including teams in the Women's Football Association (WFA), a professional tackle football league.

27.     During her time in the WFA, Ms. Campbell became familiar with Katie Sowers, an individual who recently gained national notoriety for becoming the NFL's first openly gay, and second full-time woman coach.

28.     With the unique combination of being a professional photographer who is also a colleagues of Katie Sowers, Ms. Campbell was afforded unparalleled access to photograph Sowers at the moment she learned about her groundbreaking hire.

29.     Consequently, Ms. Campbell was able to capture high quality, close-up photographs of Sowers' reaction to the news and subsequent action shots of Sowers coaching.

30.     Among the numerous photographs taken by Ms. Campbell is the following photograph ("Sowers Photograph"):

6



31.     Ms. Campbell owns the exclusive rights to the Sowers Photograph which is registered with the US Copyright Office, Reg. No. VA 2-073-437.

32.     Ms. Campbell requires that use of her photograph be attributed to her as the photographer.  Generally, the photograph will include at least the name of the author of the work, Stephanie Campbell.

33.     Ms. Campbell's name as used in association with the photograph constituted copyright management information under 17 U.S.C. §1202 (c)(2).



**Defendant Gannett**

34.    Defendant Gannett is one of the largest mass media company located in America with close to 300 local and national publications with its headquarters located in McLean, Virginia.

35.    Gannett provides news content to more than 150 million readers of the various local and national publications who contribute content for use by Gannett in advertising various products and services.

36.    Gannett is a digitally focused media and marketing company involved in publishing and broadcasting media, advertising products and services to businesses and customers throughout the United States, including Missouri residents.

37.    To provide content to the various Gannett publications, Gannett maintains a content delivery network with at least one server accessible online to the public at www.gannett-cdn.com (the "Website").

38.    On the Website, Gannett posts and disseminates content for use by itself and various publishers and customers around the United States, including those located in Missouri.

39.    Such content is used to market and promote Gannett, and for use by advertisers and various other publications around the United States, including Missouri.

40.    Upon information and belief, Gannett created and is responsible for maintaining and operating the content delivery network.

41.    Upon information and belief, Gannett receives a direct financial benefit for providing content, including the Sowers photograph to various publications around the United States, including Missouri.

42.    Upon information and belief, Defendant Gannett has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Gannett's Infringement**

43.     Defendant Gannett reproduced Plaintiff's image, removing Ms. Campbell's name and distributed it to publications around the United States via its content delivery network.

44.     Upon information and belief, the image below was unlawfully reproduced by Gannett and placed on Gannett's content delivery network for reproduction and distribution to various publications around the world, including the other Gannett Infringers.



45.     Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

46.     Upon information and belief, the photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

47.     Defendant Gannett knew it did not have permission to remove Ms. Campbell's name from the photograph.

48.     Upon information and belief, Defendant Gannett intentionally removed Ms.

Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed.

49.     Upon information and belief, other users seeing the Sowers photograph without Ms. Campbell's name would believe Gannett had lawfully obtained the photograph and thus removal of Ms. Campbell's name induced, enabled, facilitated and/or concealed the infringement of Ms. Campbell's rights in the Sower's photograph.

50.     Upon information and belief, Defendant Gannett knew or had reason to know that removal of Ms. Campbell's copyright management information, including her name, would induce, enable, facilitate and/or conceal its infringement.

51.     Upon information and belief, Gannett's content delivery network was configured by Gannett to create standardized content for use by various publications around the United States.

52.     Upon information and belief, Gannett placed the unauthorized reproduction of Plaintiff's image on its content delivery network knowing that other media companies would use the image to further reproduce and distribute the image and use commercially including in association with advertisements and to solicit advertising sales and new subscribers to their publications.

53.     Upon information and belief, Gannett is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

54.     Upon information Gannett reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its content delivery network which was then distributed to various local and national publications around the United States.

55.     Specifically, the image was reproduced and distributed by Gannett through its content delivery network at www.gannett-cdn.com/presto/2020/01/28/USAT/84168c40-5c4f-4921-

88ae-2a1a2c1ccef8-Screen_Shot_2020-01-28_at_11.11.01_AM.png.

56.    Upon information and belief, Defendant Gannett distributed the image through its content delivery network knowing that such image was reproduced without permission and intending that the unlicensed reproduction would be used by the other Gannett Infringers, including: Infringer USAToday, Infringer Delaware Journal, Infringer Courier Journal, Infringer AZCentral, Infringer Burlington Free Press, Infringer Clarion-Ledger, Infringer Commercial Appeal, Infringer Florida Today, Infringer Columbus Dispatch, Infringer Des Moines Register, Infringer Providence Journal, Infringer Argus, Infringer App.com, Infringer Florida Times, Infringer Vasalia Times-Delta, and Infringer Milwaukee Journal.

57.    Defendant Gannett knew of the infringement of the Sowers Photograph, at least as early as when they received notice of the ongoing infringement on or about January 2021 and despite receiving notice, the infringement continued.

58.    The unauthorized screen shot of the Sowers Photograph was reproduced and distributed without authorization as part of the content delivery network.

59.    The unauthorized screen shot obtained by Gannett was used to create a webpage for each of the other Gannett Infringers and as the visual image for a video which was located on the webpage for each of the other Gannett infringers.

60.    The unauthorized screen shot was used to promote Gannett and the other Gannett Infringers and to obtain revenue, including advertising revenue for Gannett and each of the other Gannett Infringers.

61.     Defendant Gannett had actual and constructive knowledge of the infringement which occurred through their content distribution network by the other Gannett Infringers.

62.    Defendant Gannett knew or should have known of the infringing activity by each of

the Gannett Infringers.

63.     Providing the unauthorized screen shot of the Sowers Photograph through the content delivery network, induced, caused or materially contributed to the unlawful reproduction and distribution of Plaintiff's copyrighted image.

64.     Upon information and Belief, Defendant Gannett has the right and ability to supervise and control the activities by the other Gannett Infringers.

65.     Defendant Gannett's actions were willful, intentional, purposeful and/or in disregard of and indifferent to Plaintiff's rights.

66.     Prior to filing suit, Plaintiff notified Gannett and various Gannett Infringers that their use was unlicensed and unlawful.  Despite receiving notice that their use was without permission, Gannett has continued to use Plaintiff's image as part of its content delivery network and has refused to remove the image from its network.

67.     Defendant Gannett also used the image as part of a video which was provided through its content delivery network to various publications around the United States and used on commercial websites.

68.     Defendant Gannett's infringement arose out of the reproduction of Plaintiff's image and distribution of Plaintiff's image via its content delivery network for inclusion by various publications which targeted Missouri residents reviewing these publications.

69.     Defendant Gannett's infringement also arose out of its distribution of the unlawful reproduction of Plaintiff's image through its content delivery network to various publishers throughout the United States for further reproduction, display and distribution.

70.     Ms. Campbell did not give Defendant Gannett permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

71.     Ms. Campbell did not give Defendant Gannett permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

72.     Nonetheless, Defendant Gannett reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its content delivery network (the "Gannett's Use").

73.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

74.     Upon information and belief, the article was used as part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise on its content delivery network.

75.     Defendant did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant USAToday**

76.     Defendant USAToday is an internationally distributed daily newspaper publication with a daily readership of approximately 2.6 million readers and has its headquarters located in McLean, Virginia.

77.     USAToday is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors. USAToday claims that its Network is their superpower.

78.     Upon information and belief, USAToday is distributed in all fifty states, including Missouri and printed at multiple locations across the United States.

79.     Upon information and belief, USAToday is printed in the Kansas City Metropolitan area.

80.     As part of its publication, USAToday sells copies of its publication along with subscriptions and advertising for the publication.

81.     As part of its publication, USAToday also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

82.     Upon information and belief, USAToday receives some of its content from Defendant Gannett through a content delivery network.

83.     Upon information and belief, USAToday pays Defendant Gannett for access to the content delivery network.

84.     Upon information and belief, USAToday determines which content received from Defendant Gannett is used for its website, its advertisers and in its publication.

85.     USAToday maintains at least one server accessible online to the public at www.usatoday.com (the "Website").

86.     The Website has a copyright notice on the website © 2021 USA TODAY, a division of Gannett Satellite Information Network, LLC.

87.     USAToday used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

88.     The Sowers Photograph was used for advertising by USAToday.

89.     On the Website, USAToday posts and disseminates content to its subscribers, including those located in Missouri.

90.     Such content is used to market and promote USAToday and its advertisers.

91.     Upon information and belief, Defendant USAToday has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant USAToday's Infringement**

92.     Defendant USAToday reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.usatoday.com.



93.     Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

94.     Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

95.     Upon information and belief, Defendant USAToday intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

96.     Defendant USAToday's website includes commercial advertising targeting the subscribers of USAToday's publication, including those in Missouri.

97.    Upon information and belief, USAToday selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

98.    Upon information and belief, USAToday is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

99.    Upon information USAToday reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

100.    Alternatively, USAToday obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett for use on USAToday's website for its digital subscribers and in connection with advertising located on its website.

101.    Defendant USAToday also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

102.    Defendant USAToday's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

103.    Ms. Campbell did not give Defendant USAToday permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

104.    Ms. Campbell did not give Defendant USAToday permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

105.    Nonetheless, Defendant USAToday reproduced Plaintiff's photograph and used the

reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others, including Missouri residents ( "USAToday's Use").

106. The reproduced photograph is viewable by anyone in the United States with internet access including individuals residing in Missouri.

107. Upon information and belief, USAToday's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication.

108. Defendant did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant Delaware Journal**

109. Defendant Delaware Journal is a daily publication which publishes national and international articles in print, digital, video and on social media and has its headquarters located in New Castle County, Delaware.

110. Upon information and belief, Delaware Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

111. As part of its publication, Delaware Journal sells copies of its publication along with subscriptions and advertising for the publication.

112. Delaware Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

113. As part of its publication, Delaware Journal also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including

photographs, videos and advertising.

114. Upon information and belief, Delaware Journal receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

115. Upon information and belief, Delaware Journal knows that the USAToday publication is printed at various locations across the United States, including the Kansas City area.

116. Upon information and belief, Delaware Journal pays Defendant USAToday and/or Defendant Gannett for access to the content delivery network.

117. Upon information and belief, Delaware Journal determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

118. Delaware Journal maintains at least one server accessible online to the public at www.delawareonline.com (the "Website").

119. The Website has a copyright notice on the website © 2021 www.delawareonline.com. All rights reserved.

120. Delaware Journal used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

121. The Sowers Photograph was used for advertising by Delaware Journal.

122. On the Website, Delaware Journal posts and disseminates content to its subscribers, including those located in Missouri.

123. Such content is used to market and promote Delaware Journal and its advertisers.

124. Upon information and belief, Defendant Delaware Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Delaware Journal's Infringement**

125.    Defendant Delaware Journal reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.delawareonline.com.



126.    Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

127.    Upon information and belief, the reproduced photograph removed the reference to

Ms. Stephanie Campbell as the author of the work.

128.    Upon information and belief, Defendant Delaware Journal intentionally removed Ms.

Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had

been removed without the permission of Ms. Campbell.

129.   Defendant Delaware Journal's website includes commercial advertising targeting the subscribers of Delaware Journal's publication, including those in Missouri.

130.   Upon information and belief, because the advertisers promoted on Defendant Delaware Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

131.   Upon information and belief, Delaware Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

132.   Upon information and belief, Delaware Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

133.   Upon information Delaware Journal reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

134.   Alternatively, Delaware Journal obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Delaware Journal's website for its digital subscribers and in connection with advertising located on its website.

135.   Defendant Delaware Journal also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

136.   Defendant Delaware Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

137.    Ms. Campbell did not give Defendant Delaware Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

138.    Ms. Campbell did not give Defendant Delaware Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

139.    Nonetheless, Defendant Delaware Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Delaware Journal's Use").

140.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

141.    Upon information and belief, the Delaware Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

142.    Defendant did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant Courier Journal**

143.    Defendant Courier Journal is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Louisville, Kentucky.

144.    Upon information and belief, Courier Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

145.    Courier Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly

visitors.

146.     As part of its publication, Courier Journal sells copies of its publication along with subscriptions and advertising for the publication.

147.     As part of its publication, Courier Journal also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

148.     Upon information and belief, Courier Journal receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

149.     Upon information and belief, Courier Journal knows that the USAToday publication is printed at various locations across the United States, including in the Kansas City area.

150.     Upon information and belief, Courier Journal pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery network.

151.     Upon information and belief, Courier Journal determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

152.     Courier Journal maintains at least one server accessible online to the public at www.courier-journal.com (the "Website").

153.     The Website has a copyright notice on the website © 2021 www.courier-journal.com. All rights reserved.

154.     Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

155.     Upon information and belief, Defendant Courier Journal intentionally removed Ms.

Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

156.     Courier Journal used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

157.     The Sowers Photograph was used for advertising by the Courier Journal.

158.     On its Website, Courier Journal posts and disseminates content to its subscribers, including those located in Missouri.

159.     Such content is used to market and promote Courier Journal and its advertisers.

160.     Upon information and belief, Defendant Courier Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Courier Journal's Infringement**

161.     Defendant Courier Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.courier-journal.com.



162. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

163. Defendant Courier Journal's website includes commercial advertising targeting the subscribers of Courier Journal's publication, including those in Missouri.

164. Upon information and belief, because the advertisers promoted on Defendant Courier Journal's website are based on the location of the viewer, these advertisements target Missouri residents and include advertisers targeting Missouri residents.

165. Upon information and belief, Courier Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

166. Upon information and belief, Courier Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

167. Upon information Courier Journal reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

168. Alternatively, Courier Journal obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Courier Journal's website for its digital subscribers and in connection with advertising located on its website.

169. Defendant Courier Journal also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

170. Defendant Courier Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

171. Ms. Campbell did not give Defendant Courier Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

172. Ms. Campbell did not give Defendant Courier Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

173. Nonetheless, Defendant Courier Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Courier Journal's Use").

174.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

175.    Upon information and belief, the Courier Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

176.    Defendant did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant AZCentral**

177.    Defendant AZCentral is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Phoenix, Arizona.

178.    Upon information and belief, AZCentral has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

179.    AZCentral is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

180.    As part of its publication, AZCentral sells copies of its publication along with subscriptions and advertising for the publication.

181.    As part of its publication, AZCentral also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

182.    Upon information and belief, AZCentral receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

183.   Upon information and belief, AZCentral pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery network.

184.   Upon information and belief, AZCentral knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

185.   Upon information and belief, AZCentral determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

186.   AZCentral maintains at least one server accessible online to the public at www.azcentral.com (the "Website").

187.   The Website has a copyright notice on the website © 2021 www.azcentral.com. All rights reserved.

188.   AZCentral used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

189.   The Sowers Photograph was used for advertising by the AZCentral.

190.   On its Website, AZCentral posts and disseminates content to its subscribers, including those located in Missouri.

191.   Such content is used to market and promote AZCentral and its advertisers.

192.   Upon information and belief, Defendant AZCentral has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant AZCentral's Infringement**

193.   Defendant AZCentral reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.azcentral.com.



194.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

195.    Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

196.    Upon information and belief, Defendant AZCentral intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

197.    Defendant AZCentral's website includes commercial advertising targeting the subscribers of AZCentral's publication, including those in Missouri.

198.    Upon information and belief, advertisers promoted on Defendant AZCentral's website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

199.    Upon information and belief, AZCentral selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

28

200.    Upon information and belief, AZCentral is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

201.    Upon information AZCentral reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

202.    Alternatively, AZCentral obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on AZCentral's website for its digital subscribers and in connection with advertising located on its website.

203.    Defendant AZCentral also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

204.    Defendant AZCentral's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

205.    Ms. Campbell did not give Defendant AZCentral permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

206.    Ms. Campbell did not give Defendant AZCentral permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

207.    Nonetheless, Defendant AZCentral reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "AZCentral's Use").

208.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

209.     Upon information and belief, the AZCentral's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

210.     Defendant did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant Burlington Free Press**

211.     Defendant Burlington Free Press is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Phoenix, Arizona.

212.     Upon information and belief, Burlington Free Press has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

213.     Burlington Free Press is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

214.     As part of its publication, Burlington Free Press sells copies of its publication along with subscriptions and advertising for the publication.

215.     As part of its publication, Burlington Free Press also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

216.     Upon information and belief, Burlington Free Press receives some of its content from

Defendant USAToday and/or Defendant Gannett through a content delivery network.

217.    Upon information and belief, Burlington Free Press pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery network.

218.    Upon information and belief, Burlington Free Press knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

219.    Upon information and belief, Burlington Free Press determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

220.    Burlington Free Press maintains at least one server accessible online to the public at www.burlingtonfreepress.com (the "Website").

221.    The Website has a copyright notice on the website © 2021 www.burlingtonfreepress.com. All rights reserved.

222.    Burlington Free Press used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

223.    The Sowers Photograph was used for advertising by the Burlington Free Press.

224.    On its Website, Burlington Free Press posts and disseminates content to its subscribers, including those located in Missouri.

225.    Such content is used to market and promote Burlington Free Press and its advertisers.

226.    Upon information and belief, Defendant Burlington Free Press has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Burlington Free Press's Infringement**

227.     Defendant Burlington Free Press reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.burlingtonfreepress.com.

228.     Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

229.     Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

230.     Upon information and belief, Defendant Burlington Free Press intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

231.     Defendant Burlington Free Press website includes commercial advertising targeting the subscribers of Burlington Free Press's publication, including those in Missouri.

232.     Upon information and belief, advertisers promoted on Defendant Burlington Free Press's website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

233.     Upon information and belief, Burlington Free Press selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

234.     Upon information and belief, Burlington Free Press is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

235.     Upon information Burlington Free Press reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

236.     Alternatively, Burlington Free Press obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Burlington Free Press's website for its digital subscribers and in connection with advertising located on its website.

237.     Defendant Burlington Free Press also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

238.     Defendant Burlington Free Press's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

239.     Ms. Campbell did not give Defendant Burlington Free Press permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

240.     Ms. Campbell did not give Defendant Burlington Free Press permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

241.     Nonetheless, Defendant Burlington Free Press reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Burlington Free Press's Use").

242.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

243.     Upon information and belief, the Burlington Free Press's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

244.     Defendant Burlington Free Press did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant Clarion-Ledger**

245.     Defendant Clarion-Ledger is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Jackson, Mississippi.

246.     Upon information and belief, Clarion-Ledger has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

247.     Clarion-Ledger is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

248.     As part of its publication, Clarion-Ledger sells copies of its publication along with subscriptions and advertising for the publication.

249.     As part of its publication, Clarion-Ledger also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

250.     Upon information and belief, Clarion-Ledger receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

251.     Upon information and belief, Clarion-Ledger pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery network.

252.     Upon information and belief, Clarion-Ledger knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States,

including in the Kansas City area.

253. Upon information and belief, Clarion-Ledger determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

254. Clarion-Ledger maintains at least one server accessible online to the public at www.clarionledger.com (the "Website").

255. The Website has a copyright notice on the website © 2021 www.clarionledger.com. All rights reserved.

256. Clarion-Ledger used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

257. The Sowers Photograph was used for advertising by the Clarion-Ledger.

258. On its Website, Clarion-Ledger posts and disseminates content to its subscribers, including those located in Missouri.

259. Such content is used to market and promote Clarion-Ledger and its advertisers.

260. Upon information and belief, Defendant Clarion-Ledger has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Clarion-Ledger's Infringement**

261. Defendant Clarion-Ledger reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.clarionledger.com.



262.     Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

263.     Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

264.     Upon information and belief, Defendant Clarion-Ledger intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

265.     Defendant Clarion-Ledger website includes commercial advertising targeting the subscribers of Burlington Free Press's publication, including those in Missouri.

266.     Upon information and belief, advertisers promoted on Defendant Clarion-Ledger's website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

267.     Upon information and belief, Clarion-Ledger selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

268.     Upon information and belief, Clarion-Ledger is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

269.    Upon information Clarion-Ledger reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

270.    Alternatively, Clarion-Ledger obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Clarion-Ledger's website for its digital subscribers and in connection with advertising located on its website.

271.    Defendant Clarion-Ledger also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

272.    Defendant Clarion-Ledger's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

273.    Ms. Campbell did not give Defendant Clarion-Ledger permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

274.    Ms. Campbell did not give Defendant Clarion-Ledger permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

275.    Nonetheless, Defendant Clarion-Ledger reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Clarion-Ledger's Use").

276.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

277.    Upon information and belief, the Clarion-Ledger's Use was part of a marketing and

promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

278.     Defendant Clarion-Ledger did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant Commercial Appeal**

279.     Defendant Commercial Appeal is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Memphis, Tennessee.

280.     Upon information and belief, Commercial Appeal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

281.     Commercial Appeal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

282.     As part of its publication, Commercial Appeal sells copies of its publication along with subscriptions and advertising for the publication.

283.     As part of its publication, Commercial Appeal also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

284.     Upon information and belief, Commercial Appeal receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

285.     Upon information and belief, Commercial Appeal pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery

network.

286.    Upon information and belief, Commercial Appeal knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

287.    Upon information and belief, Commercial Appeal determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

288.    Commercial Appeal maintains at least one server accessible online to the public at www.commercialappeal.com (the "Website").

289.    The Website has a copyright notice on the website © 2021 www.commercialappeal.com. All rights reserved.

290.    Commercial Appeal used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

291.    The Sowers Photograph was used for advertising by the Commercial Appeal.

292.    On its Website, Commercial Appeal posts and disseminates content to its subscribers, including those located in Missouri.

293.    Such content is used to market and promote Commercial Appeal and its advertisers.

294.    Upon information and belief, Defendant Commercial Appeal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Commercial Appeal's Infringement**

295.    Defendant Commercial Appeal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.commercialappeal.com.



296.     Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

297.     Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

298.     Upon information and belief, Defendant Commercial Appeal intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

299.     Defendant Commercial Appeal website includes commercial advertising targeting the subscribers of Commercial Appeal's publication, including those in Missouri.

300.     Upon information and belief, advertisers promoted on Defendant Commercial Appeal's website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

301.     Upon information and belief, Commercial Appeal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

302.     Upon information and belief, Commercial Appeal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

303.    Upon information Commercial Appeal reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

304.    Alternatively, Commercial Appeal obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Commercial Appeal's website for its digital subscribers and in connection with advertising located on its website.

305.    Defendant Commercial Appeal also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

306.    Defendant Commercial Appeal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

307.    Ms. Campbell did not give Defendant Commercial Appeal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

308.    Ms. Campbell did not give Defendant Commercial Appeal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

309.    Nonetheless, Defendant Commercial Appeal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Commercial Appeal's Use").

310.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

311.    Upon information and belief, the Commercial Appeal's Use was part of a marketing

and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

312.    Defendant Commercial Appeal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant Florida Today**

313.    Defendant Florida Today is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Viera, Florida.

314.    Upon information and belief, Florida Today has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

315.    Florida Today is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

316.    As part of its publication, Florida Today sells copies of its publication along with subscriptions and advertising for the publication.

317.    As part of its publication, Florida Today also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

318.    Upon information and belief, Florida Today receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

319.    Upon information and belief, Florida Today pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery

network.

320. Upon information and belief, Florida Today knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

321. Upon information and belief, Florida Today determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

322. Florida Today maintains at least one server accessible online to the public at www.floridatoday.com (the "Website").

323. The Website has a copyright notice on the website © 2021 www.floridatoday.com. All rights reserved.

324. Florida Today used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

325. The Sowers Photograph was used for advertising by the Florida Today.

326. On its Website, Florida Today posts and disseminates content to its subscribers, including those located in Missouri.

327. Such content is used to market and promote Florida Today and its advertisers.

328. Upon information and belief, Defendant Florida Today has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Florida Today's Infringement**

329. Defendant Florida Today reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.floridatoday.com.



330.     Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

331.     Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

332.     Upon information and belief, Defendant Florida Today intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

333.     Defendant Florida Today website includes commercial advertising targeting the subscribers of Florida Today's publication, including those in Missouri.

334.     Upon information and belief, advertisers promoted on Defendant Florida Today's website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

335.     Upon information and belief, Florida Today selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

336.     Upon information and belief, Florida Today is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

44

337. Upon information Florida Today reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

338. Alternatively, Florida Today obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Florida Today's website for its digital subscribers and in connection with advertising located on its website.

339. Defendant Florida Today also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

340. Defendant Florida Today's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

341. Ms. Campbell did not give Defendant Florida Today permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

342. Ms. Campbell did not give Defendant Florida Today permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

343. Nonetheless, Defendant Florida Today reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Florida Today's Use").

344. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

345. Upon information and belief, the Florida Today's Use was part of a marketing and

promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

346.     Defendant Florida Today did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant Columbus Dispatch**

347.     Defendant Columbus Dispatch is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Columbus, Ohio.

348.     Upon information and belief, Columbus Dispatch has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

349.     Columbus Dispatch is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

350.     As part of its publication, Columbus Dispatch sells copies of its publication along with subscriptions and advertising for the publication.

351.     As part of its publication, Columbus Dispatch also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

352.     Upon information and belief, Columbus Dispatch receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

353.     Upon information and belief, Columbus Dispatch pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery

network.

354. Upon information and belief, Columbus Dispatch knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

355. Upon information and belief, Columbus Dispatch determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

356. Columbus Dispatch maintains at least one server accessible online to the public at www.dispatch.com (the "Website").

357. The Website has a copyright notice on the website © 2021 www.dispatch.com. All rights reserved.

358. Columbus Dispatch used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

359. The Columbus Dispatch was used for advertising by the Florida Today.

360. On its Website, Columbus Dispatch posts and disseminates content to its subscribers, including those located in Missouri.

361. Such content is used to market and promote Columbus Dispatch and its advertisers.

362. Upon information and belief, Defendant Columbus Dispatch has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Columbus Dispatch's Infringement**

363. Defendant Columbus Dispatch reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.dispatch.com.



364. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

365. Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

366. Upon information and belief, Defendant Columbus Dispatch intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

367. Defendant Columbus Dispatch website includes commercial advertising targeting the subscribers of Columbus Dispatch's publication, including those in Missouri.

368. Upon information and belief, advertisers promoted on Defendant Columbus Dispatch's website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

369. Upon information and belief, Columbus Dispatch selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

48

370.    Upon information and belief, Columbus Dispatch is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

371.    Upon information Columbus Dispatch reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

372.    Alternatively, Columbus Dispatch obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Columbus Dispatch's website for its digital subscribers and in connection with advertising located on its website.

373.    Defendant Columbus Dispatch also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

374.    Defendant Columbus Dispatch's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

375.    Ms. Campbell did not give Defendant Columbus Dispatch permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

376.    Ms. Campbell did not give Defendant Columbus Dispatch permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

377.    Nonetheless, Defendant Columbus Dispatch reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Columbus Dispatch's Use").

378.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

379.     Upon information and belief, the Columbus Dispatch's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

380.     Defendant Columbus Dispatch did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant Des Moines Register**

381.     Defendant Des Moines Register is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Des Moines, Iowa.

382.     Upon information and belief, Des Moines Register has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

383.     Des Moines Register is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors.

384.     As part of its publication, Des Moines Register sells copies of its publication along with subscriptions and advertising for the publication.

385.     As part of its publication, Des Moines Register also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

386.     Upon information and belief, Des Moines Register receives some of its content from

Defendant USAToday and/or Defendant Gannett through a content delivery network.

387. Upon information and belief, Des Moines Register pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery network.

388. Upon information and belief, Des Moines Register knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

389. Upon information and belief, Des Moines Register determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

390. Des Moines Register maintains at least one server accessible online to the public at www.desmoinesregister.com (the "Website").

391. The Website has a copyright notice on the website © 2021 www.desmoinesregister.com. All rights reserved.

392. Des Moines Register used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

393. The Sowers Photograph was used for advertising by the Des Moines Register.

394. On its Website, Des Moines Register posts and disseminates content to its subscribers, including those located in Missouri.

395. Such content is used to market and promote Des Moines Register and its advertisers.

396. Upon information and belief, Defendant Des Moines Register has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Des Moines Register's Infringement**

397. Defendant Des Moines Register reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.desmoinesregister.com.



398. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

399. Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

400. Upon information and belief, Defendant Des Moines Register intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

401. Defendant Des Moines Register website includes commercial advertising targeting the subscribers of Des Moines Register's publication, including those in Missouri.

402. Upon information and belief, advertisers promoted on Defendant Des Moines Register's website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

403. Upon information and belief, Des Moines Register selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

404.	Upon information and belief, Des Moines Register is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

405.	Upon information Des Moines Register reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

406.	Alternatively, Des Moines Register obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Des Moines Register's website for its digital subscribers and in connection with advertising located on its website.

407.	Defendant Des Moines Register also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

408.	Defendant Des Moines Register's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

409.	Ms. Campbell did not give Defendant Des Moines Register permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

410.	Ms. Campbell did not give Defendant Des Moines Register permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

411.	Nonetheless, Defendant Des Moines Register reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising

content via its website to its digital subscribers and others (the "Des Moines Register's Use").

412.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

413.    Upon information and belief, the Des Moines Register's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

414.    Defendant Des Moines Register did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant Providence Journal**

415.    Defendant Providence Journal is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Providence, Rhode Island.

416.    Upon information and belief, Providence Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

417.    Providence Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors ("USA Today Network").

418.    The USA Today Network targets delivery of content, advertisements and subscriptions to Missouri residents, including those located within the jurisdiction of this Court.

419.    As part of its publication, Providence Journal sells copies of its publication along with subscriptions and advertising for the publication.

420.    As part of its publication, Providence Journal also provides a website where digital

subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

421.   Upon information and belief, Providence Journal receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

422.   Upon information and belief, Providence Journal pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery network.

423.   Upon information and belief, Providence Journal knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

424.   Upon information and belief, Providence Journal determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

425.   Providence Journal maintains at least one server accessible online to the public at www.providencejournal.com (the "Website").

426.   The Website has a copyright notice on the website © 2021 www.providencejournal.com. All rights reserved.

427.   Providence Journal used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

428.   The Sowers Photograph was used for advertising by the Providence Journal.

429.   On its Website, Providence Journal posts and disseminates content to its subscribers, including those located in Missouri.

430.   Such content is used to market and promote Providence Journal and its advertisers.

431.    Upon information and belief, Defendant Providence Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Providence Journal's Infringement**

432.    Defendant Providence Journal reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.providencejournal.com.



433.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

434.    Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

435.    Upon information and belief, Defendant Providence Journal intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

436.    Defendant Providence Journal website includes commercial advertising targeting the subscribers of Providence Journal's publication, including those in Missouri.

437.    Upon information and belief, advertisers promoted on Defendant Providence Journal's website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

438.    Upon information and belief, Providence Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

439.    Upon information and belief, Providence Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

440.    Upon information Providence Journal reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

441.    Alternatively, Providence Journal obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Providence Journal's website for its digital subscribers and in connection with advertising located on its website.

442.    Defendant Providence Journal also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

443.    Defendant Providence Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

444.    Ms. Campbell did not give Defendant Providence Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

445.    Ms. Campbell did not give Defendant Providence Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

446.    Nonetheless, Defendant Providence Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Providence Journal's Use").

447.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

448.    Upon information and belief, the Providence Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

449.    Defendant Providence Journal did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant Argus**

450.    Defendant Argus is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Sioux Falls, South Dakota.

451.    Upon information and belief, Argus has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

452.    Argus is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors

("USA Today Network").

453.    The USA Today Network targets delivery of content, advertisements and subscriptions to Missouri residents, including those located within the jurisdiction of this Court.

454.    As part of its publication, Argus sells copies of its publication along with subscriptions and advertising for the publication.

455.    As part of its publication, Argus also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

456.    Upon information and belief, Argus receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

457.    Upon information and belief, Argus pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery network.

458.    Upon information and belief, Argus knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

459.    Upon information and belief, Argus determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

460.    Argus maintains at least one server accessible online to the public at www.argusleader.com (the "Website").

461.    The Website has a copyright notice on the website © 2021 www.argusleader.com. All rights reserved.

462.    Argus used the Sowers Photograph in association with advertisements placed on the

Website which were displayed along with the Sowers Photograph.

463. The Sowers Photograph was used for advertising by the Argus.

464. On its Website, Argus posts and disseminates content to its subscribers, including those located in Missouri.

465. Such content is used to market and promote Argus and its advertisers.

466. Upon information and belief, Defendant Argus has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Argus' Infringement**

467. Defendant Argus reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.argusleader.com.



468. Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

469. Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

470. Upon information and belief, Defendant Argus intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

471. Defendant Argus website includes commercial advertising targeting the subscribers of Argus's publication, including those in Missouri.

472. Upon information and belief, advertisers promoted on Defendant Argus' website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

473. Upon information and belief, Argus selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

474. Upon information and belief, Argus is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

475. Upon information Argus reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

476. Alternatively, Argus obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Argus' website for its digital subscribers and in connection with advertising located on its website.

477. Defendant Argus also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

478. Defendant Argus' infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction

of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

479. Ms. Campbell did not give Defendant Argus permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

480. Ms. Campbell did not give Defendant Argus permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

481. Nonetheless, Defendant Argus reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Argus' Use").

482. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

483. Upon information and belief, the Argus' Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

484. Defendant Argus did not have a license or any permission to use the Sowers Photograph or distribute it to others.

**Defendant App.com**

485. Defendant App.com is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Neptune, New Jersey.

486. Upon information and belief, App.com has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

487.     App.com is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors ("USA Today Network").

488.     The USA Today Network targets delivery of content, advertisements and subscriptions to Missouri residents, including those located within the jurisdiction of this Court.

489.     As part of its publication, App.com sells copies of its publication along with subscriptions and advertising for the publication.

490.     As part of its publication, App.com also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

491.     Upon information and belief, App.com receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

492.     Upon information and belief, App.com pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery network.

493.     Upon information and belief, App.com knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

494.     Upon information and belief, App.com determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

495.     App.com maintains at least one server accessible online to the public at www.app.com (the "Website").

496.     The Website has a copyright notice on the website © 2021 www.app.com. All rights

reserved.

497.    App.com used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

498.    The Sowers Photograph was used for advertising by the App.com.

499.    On its Website, App.com posts and disseminates content to its subscribers, including those located in Missouri.

500.    Such content is used to market and promote App.com and its advertisers.

501.    Upon information and belief, Defendant App.com has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant App.com's Infringement**

502.    Defendant App.com reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.app.com.



503.    Upon information and belief, the photograph was a large PNG image file which was

over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

504.    Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

505.    Upon information and belief, Defendant App.com intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

506.    Defendant App.com website includes commercial advertising targeting the subscribers of App.com's publication, including those in Missouri.

507.    Upon information and belief, advertisers promoted on Defendant App.com's website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

508.    Upon information and belief, App.com selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

509.    Upon information and belief, App.com is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

510.    Upon information App.com reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

511.    Alternatively, App.com obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Providence Journal's website for its digital subscribers and in connection with advertising located on its website.

512.    Defendant App.com also used the image as part of a video which was provided

through its website to various subscribers around the United States, including those located in Missouri.

513.     Defendant App.com's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

514.     Ms. Campbell did not give Defendant App.com permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

515.     Ms. Campbell did not give Defendant App.com permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

516.     Nonetheless, Defendant App.com reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "App.com's Use").

517.     The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

518.     Upon information and belief, the App.com's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

519.     Defendant App.com knew it did not have a license or any permission to use the Sowers Photograph or to distribute it to others.

**Defendant Florida Times**

520.     Defendant Florida Times is a daily publication which publishes national and

international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Jacksonville, Florida.

521. Upon information and belief, Florida Times has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

522. Florida Times is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors ("USA Today Network").

523. The USA Today Network targets delivery of content, advertisements and subscriptions to Missouri residents, including those located within the jurisdiction of this Court.

524. As part of its publication, Florida Times sells copies of its publication along with subscriptions and advertising for the publication.

525. As part of its publication, Florida Times also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

526. Upon information and belief, Florida Times receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

527. Upon information and belief, Florida Times pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery network.

528. Upon information and belief, Florida Times knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

529. Upon information and belief, Florida Times determines which content received from

Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

530.    Florida Times maintains at least one server accessible online to the public at www.jacksonville.com (the "Website").

531.    The Website has a copyright notice on the website © 2021 www.jacksonville.com. All rights reserved.

532.    Florida Times used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

533.    The Sowers Photograph was used for advertising by the Florida Times.

534.    On its Website, Florida Times posts and disseminates content to its subscribers, including those located in Missouri.

535.    Such content is used to market and promote Florida Times and its advertisers.

536.    Upon information and belief, Defendant Florida Times has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Florida Times's Infringement**

537.    Defendant Florida Times reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.jacksonville.com.



TONY'S LAWN CARE

No Contracts Required. Weekly, Biweekly and Monthly Service

Personalized Lawn Care
904-612-7202

Learn More

Microsoft: "Be the One"

Minions

538.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

539.    Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

540.    Upon information and belief, Defendant Florida Times intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

541.    Defendant Florida Times website includes commercial advertising targeting the subscribers of Florida Times' publication, including those in Missouri.

542.    Upon information and belief, advertisers promoted on Defendant Florida Times' website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

543.    Upon information and belief, Florida Times selected Plaintiff's image for inclusion

on its website and modified its website to include a reproduction of Plaintiff's image.

544. Upon information and belief, Florida Times is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

545. Upon information Florida Times reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

546. Alternatively, Florida Times obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Florida Times' website for its digital subscribers and in connection with advertising located on its website.

547. Defendant Florida Times also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

548. Defendant Florida Times' infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

549. Ms. Campbell did not give Defendant Florida Times permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

550. Ms. Campbell did not give Defendant Florida Times permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

551. Nonetheless, Defendant Florida Times reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising

content via its website to its digital subscribers and others (the "Florida Times' Use").

552.    The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

553.    Upon information and belief, the Florida Times' Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

554.    Defendant Florida Times knew it did not have a license or any permission to use the Sowers Photograph or to distribute it to others.

**Defendant Visalia Times-Delta Journal**

555.    Defendant Visalia Times–Delta is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Visalia, California.

556.    Upon information and belief, Visalia Times–Delta has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

557.    Visalia Times–Delta is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors ("USA Today Network").

558.    The USA Today Network targets delivery of content, advertisements and subscriptions to Missouri residents, including those located within the jurisdiction of this Court.

559.    As part of its publication, Visalia Times–Delta sells copies of its publication along with subscriptions and advertising for the publication.

560.    As part of its publication, Visalia Times–Delta also provides a website where digital

subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

561. Upon information and belief, Visalia Times–Delta receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

562. Upon information and belief, Visalia Times–Delta pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery network.

563. Upon information and belief, Visalia Times–Delta knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

564. Upon information and belief, Visalia Times–Delta determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

565. Visalia Times–Delta maintains at least one server accessible online to the public at www.visaliatimesdelta.com (the "Website").

566. The Website has a copyright notice on the website © 2021 www.visaliatimesdelta.com. All rights reserved.

567. Visalia Times–Delta used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

568. The Sowers Photograph was used for advertising by the Visalia Times–Delta.

569. On its Website, Visalia Times–Delta posts and disseminates content to its subscribers, including those located in Missouri.

570. Such content is used to market and promote Visalia Times–Delta and its advertisers.

571.    Upon information and belief, Defendant Visalia Times–Delta has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Visalia Times - Delta's Infringement**

572.    Defendant Visalia Times–Delta reproduced Plaintiff's image and distributed it to its subscribers, including those located in Missouri, via its website located at www.visaliatimesdelta.com.

573.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

574.    Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

575.    Upon information and belief, Defendant Visalia Times-Delta intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

576.    Defendant Visalia Times–Delta website includes commercial advertising targeting the subscribers of Visalia Times–Delta's publication, including those in Missouri.

577.    Upon information and belief, advertisers promoted on Defendant Visalia Times–Delta's website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

578.    Upon information and belief, Visalia Times–Delta selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

579.    Upon information and belief, Visalia Times–Delta is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

580. Upon information Visalia Times–Delta reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

581. Alternatively, Visalia Times–Delta obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Visalia Times–Delta's website for its digital subscribers and in connection with advertising located on its website.

582. Defendant Visalia Times–Delta also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

583. Defendant Visalia Times–Delta's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

584. Ms. Campbell did not give Defendant Visalia Times–Delta permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

585. Ms. Campbell did not give Defendant Visalia Times–Delta permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

586. Nonetheless, Defendant Visalia Times–Delta reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Visalia Times–Delta's Use").

587. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

588. Upon information and belief, the Visalia Times–Delta's Use was part of a marketing

and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

589.     Defendant Visalia Times–Delta knew it did not have a license or any permission to use the Sowers Photograph or to distribute it to others.

**Defendant Milwaukee Journal**

590.     Defendant Milwaukee Journal is a daily publication which publishes national and international articles in print, digital, video and on social media as part of the USA Today Network and has its headquarters located in Madison, Wisconsin.

591.     Upon information and belief, Milwaukee Journal has subscribers, advertisers and is distributed digitally across the United States, which includes targeted Missouri residents.

592.     Milwaukee Journal is part of a network of over 300 publications across 46 states with 5,000 journalists which covers the United States and provides content to over 150 million monthly visitors ("USA Today Network").

593.     The USA Today Network targets delivery of content, advertisements and subscriptions to Missouri residents, including those located within the jurisdiction of this Court.

594.     As part of its publication, Milwaukee Journal sells copies of its publication along with subscriptions and advertising for the publication.

595.     As part of its publication, Milwaukee Journal also provides a website where digital subscribers, including those located in Missouri, can access and review its content, including photographs, videos and advertising.

596.     Upon information and belief, Milwaukee Journal receives some of its content from Defendant USAToday and/or Defendant Gannett through a content delivery network.

597.     Upon information and belief, Milwaukee Journal pays Defendant USAToday and/or Defendant Gannett to belong to the USA Today Network and for access to the content delivery network.

598.     Upon information and belief, Milwaukee Journal knows that the some of the publications which are part of the USA Today Network are printed at various locations across the United States, including in the Kansas City area.

599.     Upon information and belief, Milwaukee Journal determines which content received from Defendant Gannett and/or Defendant USAToday is used for its website, its advertisers and in its publication.

600.     Milwaukee Journal maintains at least one server accessible online to the public at www.jsonline.com (the "Website").

601.     The Website has a copyright notice on the website © 2021 www.jsonline.com. All rights reserved.

602.     Milwaukee Journal used the Sowers Photograph in association with advertisements placed on the Website which were displayed along with the Sowers Photograph.

603.     The Sowers Photograph was used for advertising by the Milwaukee Journal.

604.     On its Website, Milwaukee Journal posts and disseminates content to its subscribers, including those located in Missouri.

605.     Such content is used to market and promote Milwaukee Journal and its advertisers.

606.     Upon information and belief, Defendant Milwaukee Journal has targeted dissemination of its content toward residents in the state of Missouri.

**Defendant Milwaukee Journal's Infringement**

607.     Defendant Milwaukee Journal reproduced Plaintiff's image and distributed it to its

subscribers, including those located in Missouri, via its website located at www.jsonline.com.



608.    Upon information and belief, the photograph was a large PNG image file which was over 1 megabyte in size and had a pixel resolution of approximately 1361 x 764.

609.    Upon information and belief, the reproduced photograph removed the reference to Ms. Stephanie Campbell as the author of the work.

610.    Upon information and belief, Defendant Milwaukee Journal intentionally removed Ms. Campbell's name from the image and distributed the image knowing that Ms. Campbell's name had been removed without the permission of Ms. Campbell.

611.    Defendant Milwaukee Journal website includes commercial advertising targeting the subscribers of Milwaukee Journal's publication, including those in Missouri.

612.    Upon information and belief, advertisers promoted on Defendant Milwaukee Journal's website are based on the location of the viewer, these advertisements target Missouri residents who access Defendant's website and include advertisers targeting Missouri residents.

613.    Upon information and belief, Milwaukee Journal selected Plaintiff's image for inclusion on its website and modified its website to include a reproduction of Plaintiff's image.

614. Upon information and belief, Milwaukee Journal is accustomed to negotiating and obtaining licenses for use of photographic images and as a sophisticate media company is aware of the consequences for failing to do so.

615. Upon information Milwaukee Journal reproduced Plaintiff's image by taking a screen shot of the image on January 28, 2020 and storing the image on its website for distribution to its subscribers, including those in Missouri.

616. Alternatively, Milwaukee Journal obtained an unlicensed reproduction of Plaintiff's image from Defendant Gannett or Defendant USAToday for use on Milwaukee Journal's website for its digital subscribers and in connection with advertising located on its website.

617. Defendant Milwaukee Journal also used the image as part of a video which was provided through its website to various subscribers around the United States, including those located in Missouri.

618. Defendant Milwaukee Journal's infringement arose out of the reproduction of Plaintiff's image, the selection of Plaintiff's image and customization of its website to include the unlicensed reproduction of Plaintiff's image, and further distribution of Plaintiff's image via its website to various subscribers, including Missouri residents.

619. Ms. Campbell did not give Defendant Milwaukee Journal permission to reproduce or use the Sowers Photograph or any of her other photographs in anyway.

620. Ms. Campbell did not give Defendant Milwaukee Journal permission to distribute a reproduction of Plaintiff's image to others for further reproduction, display and distribution.

621. Nonetheless, Defendant Milwaukee Journal reproduced Plaintiff's photograph and used the reproduced Sowers Photograph, distributing the photograph to others along with advertising content via its website to its digital subscribers and others (the "Milwaukee Journal's Use").

622. The reproduced photograph is viewable by anyone in the United States with internet access, including individuals residing in Missouri.

623. Upon information and belief, the Milwaukee Journal's Use was part of a marketing and promotional scheme to provide content to existing subscribers, to attract new subscribers and to encourage new advertisers to advertise in its publication and include Missouri residents and Missouri advertisers.

624. Defendant Milwaukee Journal knew it did not have a license or any permission to use the Sowers Photograph or to distribute it to others.

## COUNT 1 - COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

625. Campbell incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

626. Campbell has a copyright registration for the Sowers Photograph.

627. Each of Defendants infringed Campbell's copyright through the unlawful display, reproduction, distribution, and creation of a derivative works of the Sowers Photograph which were reproduced and distributed via the Content Delivery Network for use via postings on each of the Gannett Infringer's websites and other places online.

628. Each of the Gannett Infringers did not have any license, authorization, permission or consent to use Plaintiff's copyrighted images.

629. As a result of Defendant's direct infringement, Campbell is entitled to damages, including an election of statutory or actual damages, in an amount to be proven at trial.

630. Each of the Gannett Infringers are sophisticated media companies who are familiar with licensing images.

631. The Gannett Infringers actions have been willful, intentional and purposeful in

disregard of and indifferent to Plaintiff's rights.

632. As a direct and proximate result of each of the Gannett Infringers infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 for each work infringed by each Defendant, or such other amounts as may be proper under 17 U.S.C. §504(c). Alternatively, at Plaintiff's election, Plaintiff shall be entitled to her actual damages, including the Gannett Infringers' profits from infringement, pursuant to 17 U.S.C. §504(b).

633. Plaintiff is further entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505. is also entitled to any profits attributable to the direct infringement.

634. The infringement by the Gannett Infringers has caused and is continuing to cause irreparable harm to Ms. Campbell for which she has no adequate remedy at law. Unless this Court restrains Defendants from infringing Ms. Campbell's protected work, the harm will continue to occur in the future. Accordingly, Ms. Campbell is entitled to a preliminary and permanent injunction prohibiting further infringements of her copyright and exclusive rights under copyright.

## COUNT 2 – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

635. Ms. Campbell incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

636. Copyright works owned by Plaintiff, and derivative works thereof, have been and continue to be illegally reproduced and distributed without authorization as part of a content delivery network by Defendant USAToday and/or Defendant Gannett ("Network Infringers") in violation of 17 U.S.C. § 501.

637. The Gannett Infringers directly infringed Plaintiff's copyright with content received

from the Network Infringers for use as part of their publication including for use on and through their websites.

638. The Network Infringers knew or should have known of the infringing activity of each of the Gannett Infringers.

639. The Network Infringers induced, caused or materially contributed to the infringing activity by each of the Gannett Infringers.

640. The Network Infringers have actual and constructive knowledge of the infringing activity that occurs on and through the use of their content delivery network. Through the creation, maintenance and operation of their network, the Network Infringers are liable for such infringing acts as a contributory infringer.

641. The Network Infringers knowingly cause or otherwise materially contribute to the unlawful reproduction and distribution of Plaintiff's copyrighted works and derivative works in violation of Plaintiff's exclusive rights under the Copyright Act.

642. The acts of the Network Infringers have been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff's rights.

643. As a direct and proximate result of the Network Infringers contributory infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to maximum statutory damages in the amount of $150,000 for each work infringed by each Network Infringer, or for such other amounts as may be proper under 17 U.S.C. §504(c). Alternatively, at Plaintiff's election, Plaintiff shall be entitled to her actual damages, including the Network Infringer's profits from infringement pursuant to 17 U.S.C. §504(b).

644. Plaintiff is further entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. §505.

645. The Network Infringers contributory infringement has caused and is causing irreparable harm to Ms. Campbell for which she has no adequate remedy at law. Unless this Court restrains the Network Infringers from infringing Ms. Campbell's protected work, the harm will continue to occur in the future. Accordingly, Ms. Campbell is entitled to a permanent injunction prohibiting further infringements of her copyrights and exclusive rights under copyright.

## COUNT 3 – VICARIOUS COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

646. Ms. Campbell incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

647. Copyright works owned by Plaintiff, and derivative works thereof, have been and continue to be illegally reproduced and distributed without authorization on the Gannett Infringers publications including as part of their websites in violation of 17 U.S.C. § 501.

648. Gannett is vicariously liable for such infringing acts. Gannett have the right and ability to supervise and control the infringing activities that occur by the Gannett Infringers including on their publication and through their websites.

649. At all relevant times, Gannett has a direct financial benefit attributable to the infringement by the Gannett Infringers. Gannett is therefor vicariously liable for the unlawful reproduction and distribution of Plaintiff's copyrighted works and the derivative works thereof in violation of Plaintiff's exclusive rights under the copyright laws of the United States including those protected by 17 U.S.C. §106.

650. The acts of Gannett have been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff's rights.

651. As a direct and proximate result of Gannett's vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright Plaintiff is entitled to maximum statutory damages

in the amount of $150,000 for each work infringed by each Gannett Infringer, or for such other amounts as may be proper under 17 U.S.C. §504(c). Alternatively, at Plaintiff's election, Plaintiff shall be entitled to her actual damages, including the Gannett Infringer's profits from infringement pursuant to 17 U.S.C. §504(b).

652.    Plaintiff is further entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. §505.

653.    Gannett's vicarious infringement has caused and is causing irreparable harm to Ms. Campbell for which she has no adequate remedy at law. Unless this Court restrains Gannett from infringing Ms. Campbell's protected work, the harm will continue to occur in the future. Accordingly, Ms. Campbell is entitled to a permanent injunction prohibiting further infringements of her copyrights and exclusive rights under copyright.

## COUNT 4 – COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 1202)

654.    Ms. Campbell incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

655.    Upon information and belief, Gannett and/or USAToday intentionally removed Ms. Campbell's name from the photograph.

656.    Gannett and/or USAToday distributed the copies of Ms. Campbell's photograph knowing that the copyright management information, namely, Ms. Campbell's name had been removed without permission from Ms. Campbell.

657.    Gannett and/or USAToday knew or had reason to know that the removal of Ms. Campbell's name would induce, enable, facilitate or conceal the infringement of at least one of Ms. Campbell's exclusive rights under 17 U.S.C. §106.

## **PRAYER FOR RELIEF**

WHEREFORE, Campbell demands a judgment against Defendants and prays that this Court will:

a. Under 17 U.S.C. § 503, order the impounding and ultimately destruction, on such terms as it may deem reasonable, of any records or material involved in Defendants' copyright infringement, including any unauthorized reproductions of the work;

b. That under 17 U.S.C. § 502, the Court grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain infringement of Campbell's copyrights;

c. Under 17 U.S.C. § 504, award Campbell's actual damages and any additional profits of Defendants; or, if at any time before final judgment is rendered she so elects, award Campbell statutory damages pursuant to 17 U.S.C. §504(c);

d. That Defendant's be required to provide a full accounting to Ms. Campbell for all revenue received from any use of Ms. Campbell's copyrighted work;

e. The Defendant's be ordered to pay Ms. Campbell all damages, including future damages, that Ms. Campbell has sustained or will sustain as a result of the acts complained of herein and that Ms. Campbell be awarded any profits derived by Defendants as a result of their acts, or as determined by an accounting ordered by the Court;

f. That Defendants be ordered to pay Ms. Campbell prejudgment and postjudgment interest on all damages;

g. As the prevailing party in a Copyright Lawsuit, that Defendants be ordered to pay Ms. Campbell full costs and attorney's fees pursuant to 17 U.S.C. §505; and

h.   That Defendants be order to pay Ms. Campbell statutory damages pursuant to 17 U.S.C. §1203 in an amount to be proven at trial.

## DESIGNATION OF PACE OF TRIAL

Campbell herby designates Kansas City, Missouri as the place of trial of the above-styled matter.

## REQUEST FOR JURY TRIAL

Campbell herby requests trial by jury of the above-styled matter.

Respectfully submitted,

By: /s/Arthur K. Shaffer
Arthur K. Shaffer, #51,229
Intellectual Property Center, LLC
7101 College Blvd., Suite 1520
Overland Park, KS 66210
Telephone: (913) 345-0900
Facsimile:  (913) 345-0903

Attorney for Plaintiff