IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 4:21-cv-00557-RK |
| v. | ) |
| | ) |
| GANNETT COMPANY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO EXCLUDE PORTIONS OF THE PROFFERED EXPERT TESTIMONY OF JAMES HARRINGTON AND INCORPORATED SUGGESTIONS IN SUPPORT

Defendants Gannett Co. Inc., et al., and for their Motion *in Limine* No. 8 hereby move this Court for an Order excluding portions of the proffered expert testimony of James Harrington. In support of their Motion, Defendants state as follows:

### I. INTRODUCTION

Plaintiff has disclosed James Harrington, CPA, CFF, as an expert witness on Plaintiff's alleged damages, assuming Defendants infringed on Plaintiff's copyrighted photograph of Katie Sowers ("Sowers Photo"). (Doc. #: 63). Mr. Harrington has issued two reports in the case. (Doc. ##: 130-1, 130-2, both filed under seal). The opinions expressed in those reports, with the exception of the opinion regarding the licensing or market value of the Sowers Photo, exceed the permissible bounds of expert testimony or are now irrelevant and unreliable in light of the Court's August 15, 2023 summary judgment ruling (Doc. #: 178) and should be excluded by this Court.

### II. ARGUMENT

Defendants previously filed a *Daubert* motion seeking to exclude all of Mr. Harrington's opinions except those related to the market or licensing value of the Sowers Photo. (Doc. ##: 129,

130). That motion, and the attendant suggestions, which are hereby incorporated by reference, explain in detail the deficiencies in Mr. Harrington's proffered testimony.

Moreover, on August 15, 2023, this Court granted summary judgment for Defendants on Plaintiff's claim for disgorgement of profits. (Doc. #: 178 at 14-17). As a result, Harrington's testimony regarding revenues, which is based on all revenue derived from all advertisements and subscriptions, without "establishing a causal nexus between the [alleged] infringement and the [alleged] infringers' gross revenues" (*id.* at 17), is plainly irrelevant, unreliable, and must be excluded. This would include paragraphs 44 to 60 and Attachments 200, 201, 300, 301, 310, 311 and 312 of his initial Expert Report (Doc. #: 130-1) and all of his Supplemental Expert Report (Doc #: 130-2) and any related testimony.

Also, in its summary judgment ruling, the Court held that Defendants were jointly and severally liable, and because of this, the Court ruled that "the number of statutory damages awards available to Plaintiff … as a matter of law is one." (*Id.* at 20). As a result, paragraphs 49 and 50 of Mr. Harrington's initial Expert Report and Attachment 100, which purport to multiply statutory damages by the number of Defendants must be excluded as irrelevant, as well as any related testimony.

This leaves only one matter from Mr. Harrington's Expert Report that is not moot in light of the summary judgment ruling: his opinion on Plaintiff's actual damages. Mr. Harrington's proposed testimony on actual damages wherein he ascribes a market value to the Sowers Photo based on the Catch&Release license agreement comports with applicable standards for admission of expert testimony. Defendants do not challenge that opinion. But they do challenge his opinion wherein he simply multiplies the licensing value of the Sowers Photo by the number of

Defendants[1] as divorced from reality and the facts pertaining to licensing in the industry and to Defendants' specific licensing practices. As explained in Defendants' *Daubert* motion, Defendants' licensing practices here are identical to those recognized by the *Brittney Gobble* court. *Brittney Gobble Photography, LLC v. Sinclair Broad. Grp., Inc.*, 2021 WL 5359671, at *6-7. ("A major flaw in [the expert's] approach is his incorrect assumption that each of the Defendants would have separately licensed each of the photographs. This simply ignores the business model of a global media company—or, for that matter, any 'willing buyer.' … Because [the expert] has simply multiplied the assumed fair market value of a single license by the number of separate licenses that would be needed for each station's use of each photograph, his conclusion is categorically *unreasonable*.").

Mr. Harrington's proffered testimony on actual damages is, as in *Brittney Gobble*, categorically unreasonable. No facts or evidence support the opinion that each Defendant would have separately licensed the Sowers Photo or that Defendants would have entered into more than one license agreement for the photograph (let alone 17 separate license agreements). Because no facts support this opinion, allowing the imprimatur of expert testimony to this effect would be extraordinarily misleading. Moreover, to say that there were 17 separate infringements constitutes a legal conclusion, which is impermissible. *See In re Acceptance Ins. Companies Sec. Litig.*, 423 F.3d 899, 905 (8th Cir. 2005) ("When the expert opinions are little more than legal conclusions, a district court should not be held to have abused its discretion by excluding such statements."). For that reason, paragraph 43 of Mr. Harrington's initial Expert Report (Doc. #: 130-1) and any testimony related to his multiplier should be excluded.

---

[1] Mr. Harrington identified 17 Defendants, but as the Court recognized in its summary judgment order, there are actually only 14 Publication Defendants, with Defendant Gannett the owner of each (*i.e.*, 15 total Defendants). (Doc. #: 178 at 3, 19).

### III. CONCLUSION

WHEREFORE, Defendants respectfully request that this Court enter an Order granting Defendants' previous motion to exclude portions of Mr. Harrington's testimony (Doc. #: 129), thereby excluding Mr. Harrington from testifying regarding Defendants' total revenues and that Defendants would have entered into more than one separate license agreement for the Sowers Photo. Specifically, the Court should exclude the following portions of Mr. Harrington's Expert Report and any related testimony:

1. Paragraphs 44 to 60 and Attachments 200, 201, 300, 301, 310, 311 and 312 of his initial Expert Report (Doc. #: 130-1) and any related testimony;

2. All of his Supplemental Expert Report (Doc #: 130-2) and any related testimony;

3. Paragraphs 49 and 50 of his initial Expert Report and Attachment 100 and any related testimony;

4. Paragraph 43 of his initial Expert Report (Doc. #: 130-1) and any testimony related to his multiplier.

DATED: August 18, 2023                                  Respectfully submitted,

**LEWIS RICE LLC**

By:/s/ *Joseph E. Martineau*
Joseph E. Martineau, #32397MO
Lindsey M. Bruno, #73055MO
Skylar Petitt, #74789MO
600 Washington Avenue, Suite 2500
St. Louis, MO 63101-1311
Telephone: 314.444.7729
Fax: 314.612.7729
jmartineau@lewisrice.com

Scott A. Wissel
1010 Walnut, Suite 500
Kansas City, MO 64106
Telephone: 816.472.2568
Fax: 816.472.2500
sawissel@lewisricekc.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of August 2023, a true copy hereof was electronically filed with the Clerk of the Court using the CM/ECF system and by virtue thereof served upon the following counsel of record:

   Arthur K. Shaffer
   McDowell, Rice, Smith & Buchanan, P.C.
   605 W. 47th St., Suite 350
   Kansas City, MO 64112

   ***Attorneys for the Plaintiff***

                                                        By: /s/ *Joseph E. Martineau*