IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **STEPHANIE CAMPBELL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 4:21-cv-00557-RK |
| v. | ) |
| | ) |
| **GANNETT COMPANY, INC., et al.**, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF STEPHANIE CAMPBELL'S COMBINED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE* NOS. 4 [DOC. 188], 7 [DOC. 191] AND 8 [DOC. 192] (PROHIBITION OF REFERENCES TO CASE NO. 4:22-CV-00811-RK AND EXCLUSION OF PORTIONS OF PROFFERED EXPERT TESTIMONY OF GERALD BYBEE AND JAMES HARRINGTON)**

As provided under Fed. R. Evid. 103(d), 104(c) and 403 and for her combined memorandum in opposition to defendants Gannett Company, Inc., et al.'s ("Gannett") Motions *in limine* No. 4 (prohibition of references to Case No. 4:22-cv-00811-RK) [Doc. 188], No. 7 (exclusion of portions of expert testimony of Gerald Bybee) [Doc. 191] and No. 8 (exclusion of portions of expert testimony of James Harrington) [Doc. 192], plaintiff Stephanie Campbell ("Campbell") respectfully suggests to the Court the following points and authorities:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

**A.     Gannett's Motions *in limine* Nos. 4, 7 and 8**

1.     In its Motion *in limine* No. 4, Gannett says that in a "second" lawsuit denominated Case No. 4:22-cv-00811-RK which Campbell filed in this district "**against over 200 of**" its "**subsidiaries**," Campbell alleges that these defendants too "**used Gannett's proprietary content management system to share a screenshot of**" what is known as her "Sowers Photo" as it appears in "**Microsoft 2020 'Be the One' Super Bowl commercial**" and

thus infringed upon her copyright in/to that photo. Gannett insists that allowing Campbell to use proof of this second lawsuit "to suggest" that its "use of the Sowers Photo was far more widespread" than it wishes to admit, would result in "unfair prejudice" to Gannett, particularly if the fact of this "second lawsuit" were used "as evidence that" Gannett's "conduct was somehow willful or that her claims must have merit."

2. In its Motion *in limine* No. 7, Gannett seeks to preclude virtually all testimony by Campbell's expert witness, Gerald Bybee, a professional freelance commercial photographer, on grounds, *inter alia*, that his testimony "lack[s] sufficient foundation," particularly as it relates to such matters as "the innerworkings" of Gannett's "operations and financials."

3. In its Motion *in limine* No. 8, Gannett seeks to exclude most of the testimony of Campbell's expert, James Harrington, CPA, CFF. Although Gannett says that it does not "challenge" Harrington's "**proposed testimony on actual damages wherein he ascribes a market value to the Sowers Photo**," it contends that Harrington's calculation relating to "**the licensing value of the Sowers Photo**" is "divorced from reality and the facts pertaining to licensing in the industry"; to Gannett's own "specific licensing practices"; and to Gannett's "business model" as a "global media company."

**B. Summary of Campbell's Arguments in Opposition to Gannett's Motions *in limine* Nos. 4, 7 and 8**

4. Gannett's Motions *in limine* Nos. 4, 7 and 8 are no more than thinly disguised motions for summary judgment and should be denied, in their entirety, on that ground alone.

5. Motions *in limine* have but one purpose: to deal with discrete <u>evidentiary</u> issues prior to trial.

6. Motions *in limine* are not proper procedural devices for the wholesale disposition of theories of claim or defense:

a. They are not vehicles for argument by a party upon the substantial merits of its defenses;

b. They cannot be used to resolve factual disputes or to test the credibility of evidence;

c. They cannot be used to preclude an entire category of damages since that is the function of a motion for summary judgment with all of its accompanying procedural safeguards; and

d. They cannot be used, as they would be used here, to blindside the non-moving party while infringing upon her right to a jury trial upon such claims and prospective damages as already have survived summary judgment in this case.

## ARGUMENT

I. **MOTIONS *IN LIMINE* ARE NOT BELATED SUBSTITUTES FOR SUMMARY JUDGMENT; THEY CANNOT BE USED TO TEST THE SUFFICIENCY OF THE EVIDENCE; THEY CANNOT BE USED TO PRECLUDE AN ENTIRE CATEGORY OF DAMAGES RATHER THAN SPECIFIC EVIDENCE, WHETHER OF DAMAGES OR OTHERWISE; THEY ARE NOT PROPER PROCEDURAL DEVICES FOR THE WHOLESALE DISPOSITION OF THEORIES OF RECOVERY; THEY CANNOT BE USED TO ARGUE THE MERITS OF THE MOVING PARTY'S CASE; THEY ARE NOT APPROPRIATE VEHICLES TO SEEK A FINAL DETERMINATION WITH RESPECT TO A SUBSTANTIVE CAUSE OF ACTION; THEY CANNOT BE USED TO RESOLVE FACTUAL DISPUTES OR WEIGH EVIDENCE AND ANY ATTEMPT TO USE THEM FOR ANY OF THESE PURPOSES BOTH CIRCUMVENTS THE PROCEDURAL PROTECTIONS AFFORDED BY THE SUMMARY JUDGMENT PROCEDURE, BLINDSIDES THE NON-MOVING PARTY AND INFRINGES UPON THAT PARTY'S RIGHT TO A JURY TRIAL**

7. Each of these motions is improper and patently so for myriad reasons.

8. **First**, motions *in limine* have but one purpose: "to deal with discrete evidentiary issues related to trial and are not another excuse to file dispositive motions disguised as motions

*in limine* " *Lafrance v. Grand River Navigation Co., Inc.*, E.D. Mich. No. 08-13411, 2010 WL 3768328 at *2 (Sept. 21, 2010).

9. **Second**, "motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses," *ABC Bev. Corp. & Subsidiaries v. U.S.*. W.D. Mich. No. 1:07-cv-051, 2008 WL 5424174 at *2 (Dec. 4, 2008).

10. **Third**, a "motion *in limine* does not test the sufficiency of the evidence, nor may it be a substitute for a summary judgment motion," *Wilks v. BNSF Ry. Co.*, E.D. Okla. No. CIV-18-080-KEW, 2021 WL 1208587 at *1 (3/30/2021).

11. **Fourth**, it "is well establish that a motion *in limine* should not be used to argue that an item of damages may not be recovered as that is the function of a motion for summary judgment with its accompanying procedural safeguards," *Id*.

12. **Fifth**, a "motion *in limine* should not be used to resolve factual disputes or weigh evidence," *Mowbray v. Zumot*, D. Md. No. BEL-06-1606, 2008 WL 11509337 at *1 (07/29/2008).

13. **Sixth**, it "is improper … to use motions *in limine* as substitute dispositive motions … because doing so circumvents procedural protections that [such] motions provide, blindsides the non-moving party and may infringe on the litigant's right to a jury trial," *Arriaga v. Logix Fed. Credit Union*, C.D. Cal. No. CV-18-9128-CBM, 2022 WL 3099220 at *1 (April 22, 2022).

14. **Seventh**, when the "time for filing … dispositive motions has long closed," a defendant like Gannett "cannot evade this court's deadlines simply by captioning its dispositive motion" as a motion *in limine. Ullman v. Auto-Owners Mut. Ins. Co.*, S.D. Ohio No. 2:05-CV-1000, 2007 WL 3125306 at *1 (Oct. 23, 2007).

15. **Eighth**, the "denial of a motion *in limine* is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case" on grounds that the evidence thereof is simply unworthy of belief, *Lafrance v. Grand River*, 2010 WL 3768328 at *2.

II. **SINCE GANNETT'S MOTIONS *IN LIMINE* NOS. 7 AND 8 EXHIBIT EACH AND ALL OF THE DEFECTS NOTED IMMEDIATELY ABOVE, THEY SHOULD BE DENIED OUT OF HAND**

16. Initially, Motions i*n limine* Nos. 7 and 8 rehash much of Gannett's' prior Daubert motions seeking to exclude certain testimony as being improper legal conclusions. Those motions have been fully briefed and Plaintiff simply incorporates its previous argument.

17. Gannett's Motions *in limine* Nos. 7 and 8 contain the seeds of their own destruction.

18. Motion *in limine* No. 7 seeks to preclude most, perhaps all of photographer ByBee's testimony on grounds that he does not know enough about "the innerworkings" of Gannett's "operations and financials" to quantify Campbell's damages. Gannett then says the same is true of Bybee's testimony regarding "advertising and new subscription revenues received by Gannett" as a result of its publication of the so-called Sowers Photo.

19. Each of these purported "grounds for exclusion" not merely of evidence but of entire claims and entire categories of damages are no more than considerations of weight and/or credibility, none of which can be adjudicated in the context of a motion *in limine*.

20. Mr. ByBee has knowledge about the photographer industry and the industry standards related to use and licensing of photographs by media and advertising companies. His testimony will be helpful to explain what was reasonable and compliant with industry norms.

21. While the Court's did negate a significant portion of Mr. Harrington's calculations in his report, there are still a number of issues which Mr. Harrington will need to testify to including the calculation of lost license fees and market value considerations which could be taken into consideration as to a reasonable license fee. In addition, while the Court did indicate that Plaintiff failed to establish a casual nexus, the revenue and profits Defendants received for their advertisements on webpages with Plaintiffs image can be taken into consideration in determining the proper range of statutory damages.

22. If Gannett truly wished to eliminate these categories of damages, it should have filed a timely motion for summary judgment attacking them. Clearly, it neglected to do so.

23. The same must be said about Gannett's attempts to exclude much of financial expert Harrington's testimony. Gannett says that while it does not "challenge" Harrington's "opinion" ascribing a market value to the Sowers Photo based on the Catch & Release license agreement, it insists that there is no basis upon which Harrington can credibly "multipl[y] the licensing value of the Sowers Photo by the number of defendants." This says Gannett is "divorced from reality," it ignores "the facts pertaining to licensing in the industry" and Gannett's specific "licensing practices," and it is (purportedly) contrary to Gannett's "business model" as "a global media company."

24. Again, these are matters purely of weight and/or credibility and once again, cannot be adjudicated under the guise of a motion *in limine*.

**III. GANNETT'S MOTION *IN LIMINE* NO. 4 NOT ONLY SEEKS AN ADJUDICATION REGARDING THE SUBSTANTIVE MERIT OF CERTAIN OF CAMPBELL'S CLAIMS BUT IGNORES THE SETTLED PRINCIPLE OF COPYRIGHT LAW THAT AN INFRINGER WHICH HAS BEEN SUED FOR OTHER AND SIMILAR COPYRIGHT VIOLATIONS CONSTITUTES ADMISSIBLE EVIDENCE OF WILLFULNESS WITHIN THE MEANING OF 17 U.S.C. § 504(C)(2)**

25. As Campbell has demonstrated in connection with other of Gannett's motions *in limine* where "**the record demonstrates by at least a preponderance of the evidence that by**" reproducing or otherwise using copyrighted work, the defendant has "**acted intentionally or, at a minimum, in reckless disregard of**" the plaintiff's copyright, the burden of proving willfulness, for purposes of § 504(c)(2), will be satisfied, *Id*.

26. Because "**one who undertakes a course of infringing conduct may neither sneer in the face of [a] copyright owner nor hide its head in the sand like an ostrich**," *Id*., 18 F.3d at 512, the "**courts may consider a variety of … factors when evaluating willfulness …**," *Ali v. Final Call, Inc.*, 289 F.Supp.3d 863, 868 (N.D. Ill. 2017).

27. For purposes of § 504(c)(2), "**[k]nowledge of infringement need not be proven directly, but may be inferred from the defendant's conduct**," *Agence France Presse v. Morel*, 934 F.Supp.2d 547, 570 (S.D. N.Y. 2013), *superseded in part on other grounds by Agence France Presse v. Morel*, S.D. N.Y. No. 10-cv-2730 (AJN), 2014 WL 3963124 (Aug. 13, 2014).

28. The fact that an alleged "**infringer had experience with previous copyright ownership**"; that it is or has been a party to other "**lawsuits regarding similar practices**"; and that it works "**in an industry where copyright is prevalent**," *Marshall v. Marshall*, 2012 WL 1079550 at *25, are each relevant to and probative upon the issue of willfulness. Indeed, "**[d]efendants working within the publishing industry**" like Gannett "**may be presumed to possess knowledge about the copyright laws**, including how not to violate them," *Dermansky v. Telegraph Media, LLC*, No. 19-cv-1149 (PKC), 2020 WL 1233943 at *5 (E.D. N.Y. March 13, 2020), citing *Falaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172, 1173 (S.D. N.Y. 1983).

29. In addition to being relevant to Defendants state of mind, the number of websites using Plaintiff's photograph goes towards Plaintiff's burden of proof. In the current case, Defendants have admitted that Plaintiff's photograph was used by each of the 375 website publications. The fact that Defendants used Plaintiff's photograph so extensively goes not only towards Defendants state of mind but also the reasonable license fee which Plaintiff would charge and the amount of harm she suffered as a result of the widespread use.

30. As Fed. R. Evid. 401 provides, all evidence "**is relevant if … it has any tendency to make a fact more or less probable than it would be without the evidence**," Fed. R. Evid. 401, and there can be no doubt that all "**relevant evidence is admissible**," *U.S. v. Ruiz-Chavez*, 612 F.3d 983, 987 (8th Cir. 2010). That being the case, such evidence cannot be excluded under the "narrowly circumscribed" powers conferred by Fed. R. Evid. 403 except in truly "extraordinary" circumstances, *U.S. v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991), i.e. when the "probative value" of that evidence "is substantially outweighed by" other more powerful juridical considerations, Fed. R. Evid. 403.

31. To make that determination, the Court will have to weigh all of that evidence here and now, something which as Campbell's prior discussion regarding the purposes of motions *in limine* amply demonstrate, simply cannot not be done in a limine context.

## CONCLUSION

For any or all of the reasons appearing above, plaintiff Stephanie Campbell suggests, respectfully, that defendants Gannett Company, Inc., et al.'s Motions *in limine* Nos. 4, 7 and 8 be denied and that Campbell have such other or further relief as may be justified in the premises.

Respectfully submitted,

McDOWELL, RICE, SMITH & BUCHANAN

By: */s/ Arthur K. Shaffer*
Arthur K. Shaffer, MO Bar #51229
Greg T. Spies, MO Bar #31145
Hugh L. Marshall, MO Bar #39193
James F.B. Daniels, MO Bar #30003
605 W. 47th Street, Suite 350
Kansas City, MO 64112
(816) 753-5400 telephone
(816) 753-9996 facsimile
ashaffer@mcdowellrice.com
gspies@mcdowellrice.com
hmarshall@mcdowellrice.com
jdaniels@mcdowellrice.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2023, the foregoing document was filed electronically via W.D. Mo. CM/ECF, with notice to all counsel of record via the Court's electronic notification system.

/s/ *Arthur K. Shaffer*